IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 19-11499(MDC) |
| DONNA M. FITZPATRICK | : | CHAPTER 13 |
| | : | |
| Debtor | : | HEARING SCHEDULED FOR |
| | : | SEPTEMBER 15, 2020 AT 10:30 A.M. |
| | : | UNITED STATES BANKRUPTCY COURT |
| | : | 900 MARKET STREET |
| | : | PHILADELPHIA, PENNSYLVANIA 19107 |

**MOTION OF ALLY FINANCIAL INC. FOR RELIEF FROM
THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)
AND WAIVER OF 14 DAY STAY OF EFFECTIVENESS OF ORDER**

TO THE HONORABLE MAGDELINE D. COLEMAN
OF THE BANKRUPTCY COURT:

Ally Financial Inc., by and through its attorneys, Lavin, Cedrone, Graver, Boyd & DiSipio, hereby moves the Honorable Court for an Order pursuant to 11 U.S.C. §362(a) granting Ally Financial Inc. relief from the automatic stay and in support thereof avers:

1. Ally Financial Inc. is a corporation duly organized and in good standing under the laws of the State of Delaware and for purposes of this motion only, maintains a place of business at 4000 Lexington Avenue N, Suite 100, Shoreview, MN 55126.

2. On or about March 12, 2019, the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

3. On or about October 19, 2016, Donna M. Fitzpatrick (the "Debtor") executed and delivered to Piazza Honda of Springfield (the "Dealer"), a Retail Installment Sale Contract (the "Contract") in consideration of the purchase price of a 2015 Dodge Journey, VIN: 3C4PDCBG5FT668936 (the "Vehicle"). A true and correct copy of the Contract is attached hereto and incorporated herein as Exhibit "A".

4. Dealer assigned the Contract to Ally Financial Inc. whereby the Debtor became obligated to Ally Financial Inc. under the terms of the Contract. A copy of the Vehicle's Electronic Title is attached hereto and incorporated herein as Exhibit "B".

5. Under the terms of the Contract, the Debtor agreed to pay the principal sum of $16,975.00, plus finance charges calculated at an annual percentage rate of 16.44% by remitting seventy-two (72) payments in the amount of $374.85 each beginning December 3, 2016.

6. As of and including the August 3, 2020 due Contract payment, the Debtor is in post-petition arrears to Ally Financial Inc. for $5,712.36.

7. The Contract requires the Debtor to maintain verifiable insurance coverage on the Vehicle and as of the petition date, Ally Financial Inc. was unable to verify insurance for the Vehicle.

8. Movant, Ally Financial Inc. requests the Court award Ally Financial Inc. reimbursement in the amount of $500.00 for the legal fees and costs associated with this motion.

9. The Debtor has defaulted on her obligations to Ally Financial Inc. under the Contract by reason of the foregoing, Ally Financial Inc. is entitled to immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) for cause, including lack of adequate protection.

10. Ally Financial Inc. requests that as permitted by Bankr. R. 4001(a)(3), the courts Order become effective immediately without the 14 day stay imposed by said rule.

WHEREFORE, Ally Financial Inc. moves this Honorable Court to enter an Order:

    A. Terminating the automatic stay as to Ally Financial Inc. with respect to the Vehicle;

    B. Permitting Ally Financial Inc. to take such actions and seek such remedies to recover the Vehicle as are permitted by the Contract, the Pennsylvania Uniform Commercial Code and other applicable laws; and

      C.      Granting such other and further relief as this Court may deem just and proper.

      LAVIN, CEDRONE, GRAVER, BOYD & DiSIPIO

DATED: August 20, 2020    By: /s/ Regina Cohen
      Regina Cohen, Esquire
      Attorneys for Ally Financial Inc.